FILED
United States Court of Appeals
Tenth Circuit

August 21, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS ALFONSO AYALA-CABRERA,

Defendant - Appellant.

No. 09-8009

(D. Wyoming)

(D.C. No. 2:07-CR-00242-CAB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

## I.    Introduction

Defendant-Appellant, Luis Alfonso Ayala-Cabrera, was charged in a multi-

count indictment with drug, firearm, and immigration crimes. Ayala-Cabrera

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

filed a motion to suppress evidence seized during a roadside search of his vehicle. After an evidentiary hearing, the district court denied the motion. Ayala-Cabrera then pleaded guilty to three of the charges, preserving his right to appeal the denial of his suppression motion. *See* Fed. R. Crim P. 11(a)(2). He was sentenced to 120 months' imprisonment and four years' supervised release. In this appeal, Ayala-Cabrera challenges the denial of his suppression motion. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** the denial of Ayala-Cabrera's motion.

## II.    Background

On July 19, 2007, Ayala-Cabrera was pulled over on I-80 by Jeremy Beck, a trooper with the Wyoming Highway Patrol. Trooper Beck testified Ayala-Cabrera was traveling eighty-four miles per hour in a seventy-five mile per hour speed zone. After determining Ayala-Cabrera did not have a valid driver's license, Trooper Beck issued him a citation for driving without a license and also issued him a warning for the speeding violation. At approximately 4:15 p.m., after conducting a cursory search of Ayala-Cabrera's vehicle,[1] Trooper Beck terminated the traffic stop and Ayala-Cabrera drove away from the scene of the stop.

---

[1]This search is not challenged in this appeal.

Shortly before 5:00 p.m., Wyoming Highway Patrol trooper Benjamin Peech observed Ayala-Cabrera traveling eastbound on I-80 at a speed of approximately eighty-two miles per hour in a seventy-five mile per hour speed zone. Peech initiated a traffic stop and approached the vehicle. Peech testified Ayala-Cabrera told him his cruise control was set at seventy-five miles per hour but then admitted the oversized tires on the vehicle affected the accuracy of his speedometer. Peech asked Ayala-Cabrera for his license, proof of insurance, and registration. Ayala-Cabrera gave Peech an Oregon identification card, a California registration indicating the vehicle belonged to someone else, and California insurance papers. He also gave Peech copies of the citation and warning Trooper Beck had issued to him less than one hour earlier. Ayala-Cabrera told Peech he was en route to Chicago to visit his family for approximately one month.

Peech issued Ayala-Cabrera a warning for speeding, returned his documents, and told him he was free to go. When Peech re-contacted him, Ayala-Cabrera agreed to answer additional questions. At the suppression hearing, Peech testified several things about the encounter made him suspicious: Ayala-Cabrera was exceedingly nervous, the vehicle smelled strongly of air freshener, Ayala-Cabrera had very little luggage for a one-month trip, and some of the answers given by Ayala-Cabrera's passenger were inconsistent with the answers given by Ayala-Cabrera. Based on his suspicions, Peech obtained written consent

to search Ayala-Cabrera's vehicle. During the search, Peech found cocaine, methamphetamine, a 9mm pistol, ammunition, cash, and a digital scale.

Ayala-Cabrera was charged with possessing methamphetamine and cocaine with intent to distribute, possessing a firearm in furtherance of a drug trafficking offense, being an illegal alien in possession of a firearm and ammunition, and illegally reentering the United States after having previously been deported. He moved to suppress the evidence discovered during the search of his vehicle, arguing in his written memorandum that the stop initiated by Peech was not based on any traffic violation. The district court denied the motion, finding, *inter alia*, that the traffic stop by Peech was "absolutely legitimate" because Ayala-Cabrera was "speeding 82 in a 75-mile-an-hour zone." Ayala-Cabrera entered a conditional guilty plea and now appeals the denial of his suppression motion.

## III. Discussion

When reviewing the denial of a motion to suppress, this court views the evidence in the light most favorable to the Government and accepts the district court's factual findings unless they are clearly erroneous. *United States v. Winder*, 557 F.3d 1129, 1133 (10th Cir. 2009). The ultimate determination of whether a traffic stop was reasonable under the Fourth Amendment is a question of law reviewed *de novo*. *United States v. Price*, 265 F.3d 1097, 1104 (10th Cir. 2001). "The defendant bears the burden of establishing a Fourth Amendment violation." *United States v. Patterson*, 472 F.3d 767, 775 (10th Cir. 2006).

The only issue raised in this appeal is a challenge to the district court's finding that the traffic stop initiated by Trooper Peech was justified at its inception. Ayala-Cabrera's sole support for this argument is a single sentence in his appellate brief which conveys his ostensibly personal belief that "[i]t just does not make sense that an individual" would continue to speed so soon after receiving a warning for speeding.

Ayala-Cabrera's argument is wholly frivolous.[2] At the suppression hearing, the government introduced testimony from Trooper Peech that the radar detector in his patrol car indicated Ayala-Cabrera was traveling eighty-two miles an hour. Peech further testified Ayala-Cabrera acknowledged that the oversized tires on his vehicle caused him to travel faster than the seventy-five-mile-per-hour speed set on his cruise control. Ayala-Cabrera can point to no evidence in the record that contradicts Peech's testimony or otherwise shows the district court's factual finding is clearly erroneous.

---

[2]Appellant's counsel is reminded that he has an obligation pursuant to *Anders v. California* to conduct a "conscientious examination" of his case. 386 U.S. 738, 744 (1967). If that examination reveals the "case to be wholly frivolous," counsel should so advise this court and request permission to withdraw. *Id*. Counsel did not fulfill that obligation in this appeal.

**IV.    Conclusion**

The order of the district court denying Ayala-Cabrera's motion to suppress is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge